Filed 8/31/22  P. v. Williams CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN LAMAR WILLIAMS,<br><br>    Defendant and Appellant. | A161928<br><br>(Contra Costa County<br>Super. Ct. No. 5-971571-5) |

Brian Lamar Williams appeals from the superior court's denial of his petition for resentencing under former Penal Code section 1170.95,[1] now renumbered as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  In relevant part, the trial court ruled that Williams was precluded from making a prima facie showing of eligibility for resentencing because a jury found that the killing underlying his conviction was committed while Williams was "engaged in . . . the commission of" a felony under section 190.2, subdivision (a)(17).  Applying the Supreme Court's recent holding in *People v. Strong* (2022) 13 Cal.5th 698, we note that the verdict in Williams's case was rendered years before the Supreme Court clarified the law of felony murder liability in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522

---

[1] All subsequent statutory references are to the Penal Code unless otherwise noted.

(*Clark*). Accordingly, we reverse the denial and remand the matter with instructions for further proceedings.

## BACKGROUND

On August 3, 1999, a jury convicted Williams of first degree murder (§ 187) with a special circumstance finding that the "murder was committed while [Williams] was engaged in, or was an accomplice in, the commission of, attempted commission of, or the immediate flight after committing, or attempting to commit" a felony under section 190.2, subdivision (a)(17). The jury also found true a sentencing enhancement under section 12022.5, subdivision (a), imposing additional punishment on Williams for his personal use of "a firearm in the commission of a felony or attempted felony." For these offenses and others, Williams was sentenced to life without the possibility of parole.

On November 18, 2019, Williams filed a petition to have his murder conviction vacated and to be resentenced under former section 1170.95. After the trial court appointed counsel for Williams, the People filed an opposition to resentencing and Williams filed a reply. The trial court denied the petition, finding that Williams had failed to make a prima facie showing that he satisfied the requirements of former section 1170.95. According to the trial court, Williams was ineligible for resentencing because he fell short of the criterion set forth in former section 1170.95, subdivision (a)(1), requiring that "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section . . . 189 made effective January 1, 2019."

The trial court rested that conclusion on two grounds. First, Williams's jury found true a special circumstance under section 190.2, subdivision (a)(17); therefore, "as a matter of law," Williams "could . . . still be convicted of felony murder under" section 189, subdivision (e), which ascribes felony

2

murder liability to any "major participant in the underlying felony [who] acted with reckless indifference to human life." (§ 189, subd. (e).) Second, the "jury's verdict finding that [Williams] personally used the firearm in commission of the murder means that, as a matter of law, Petitioner was the 'actual killer' and would remain liable for murder under" section 189, subdivision (e)(1).

This appeal followed.

## DISCUSSION

Williams disputes both grounds for the trial court's denial of his petition. First, he rejects the trial court's suggestion that he "could . . . still be convicted of felony murder" under section 189, subdivision (e), noting that his 1999 conviction pre-dated our Supreme Court's clarifications of "major participant" and "reckless indifference to human life" in *Banks* and *Clark*. (§ 189, subd. (e).) Second, he argues that the jury's true finding as to the firearm allegation does not compel the conclusion that he was the "actual killer." (§ 189, subd. (a).) The People concede the latter point, and we accept the concession. Firearm " 'use' " under section 12022.5 "means more than possession of a weapon . . . but does not require conduct that actually produces harm." (*People v. Funtanilla* (1991) 1 Cal.App.4th 326, 330–331, disapproved on another ground in *People v. Masbruch* (1996) 13 Cal.4th 1001, 1013, fn. 7; see also CALCRIM 3146 [defendant "personally uses a firearm if he or she intentionally . . . [¶] . . . [d]isplays the weapon in a menacing manner" (italics omitted)].)

As for the issue raised by Williams in connection with *Banks* and *Clark*, it has been resolved definitively by the decision in *People v. Strong*, *supra*, 13 Cal.5th 698. There, our Supreme Court held that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making

out a prima facie case for relief under" section 1172.6. (*Strong*, at p. 710.) For that reason, it was error for the trial court here to conclude that Williams was rendered ineligible for resentencing by a special circumstance finding made in 1999, some 16 years before *Banks* and *Clark*.

Upon "a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).) As relevant here, a petitioner is entitled to relief if he was "convicted of felony murder" under the following circumstances: an "information . . . was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder"; he "was convicted of murder . . . following a trial . . . at which the petitioner could have been convicted of murder or attempted murder"; and he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).) Here, in his November 18, 2019, petition, Williams declared under penalty of perjury that he met those criteria. We take these factual allegations as true in determining whether a prima facie case has been established, unless the record " ' "contain[s] facts refuting the allegations made in the petition." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The People's sole argument that the record refutes the allegations in Williams's petition was based on the preclusive effect of the jury's verdict. Having now rejected this argument, we conclude Williams made a prima facie showing of eligibility, and the trial court should have issued an order to show cause in turn.

## DISPOSITION

We reverse the trial court's denial of Williams's petition and remand the matter with instructions to issue an order to show cause under section

4

1172.6, subdivision (c), and to conduct further proceedings not inconsistent with this opinion.

TUCHER, P.J.

WE CONCUR:

FUJISAKI, J.
PETROU, J.